■ In the Matter of SANDRA CATALANO, Appellant, v BARBARA BLUM, as Commissioner of the State of New York Department of Social Services, et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: In this CPLR article 78 proceeding petitioner challenges as arbitrary, capricious and contrary to law the determination of the New York State Department of Social Services based on findings after a fair hearing that the Erie County Department of Social Services properly denied Medicaid payments for reimbursement for out-of-State specialized medical care engaged by petitioner subsequent to the local district's refusal to authorize this care (CPLR 7803, subd 3). Special Term denied the petition after pointing out that transfer to the Appellate Division was improper since the petition did not present the issue of substantial evidence (CPLR 7803, subd 4). We agree. Although there can be little doubt that a question of substantial evidence exists and that petitioner could have properly initiated the proceeding under CPLR 7803 (subd 4) to obtain the benefit of transfer and initial review by the appellate court (CPLR 7804, subd [g]), "[t]he basis for transfer must be found in the petition itself and the State commissioner's answer may not alter or amplify the particular grounds raised in the application or introduce an affirmative claim not made by the petitioner" (*Matter of Curry v Blum,* 73 AD2d 965; cf. *Matter of Shook v Lavine,* 49 AD2d 238). In any event, the standard of review in either case is rationality (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231), and substantively there is no undue prejudice to the parties since the result should be the same whichever court reviews the

matter. Here the record provides the rational foundation of fact on which the determination was properly held to be neither arbitrary, capricious nor contrary to law. That very same record indicates that sufficient evidence was presented at the hearing to support the determination. It is not disputed that petitioner has suffered since 1971 from a debilitating condition characterized by severe reactions to chemical substances in the environment. She is eligible for Medicaid and Medicare benefits and has, in fact, been receiving financial assistance for diagnosis and treatment of her condition since 1971. The local agency's primary obligation is to insure that eligible medical recipients receive "necessary" care by "qualified medical personnel" and, where appropriate services are not available within the district, to make suitable arrangements for obtaining the care outside the district (Social Services Law, §§ 363, 365, subd 1, par [c]; § 365-a, subds 1, 2, par [a]; 18 NYCRR 360.2 [b]; 500.1, Part 505). Although prior authorization is required in most cases, financial assistance for out-of-State medical services is permitted if the applicant has availed himself of the available local resources without success (Social Services Law, § 365, subd 1, par [c]; 18 NYCRR 500.2; 501.2 [c] [3]; 501.4; 533.3 [b], [f]). Respondents have reasonable grounds to conclude that petitioner had not exhausted local medical resources before calling in the out-of-State specialist. The record amply establishes that the local agency, while its actions may have been undesirably slow, has recognized its obligations under the law to inform the petitioner of medical services available and to assist her in obtaining special care dictated by her individual situation (18 NYCRR 351.1 [b] [1], 360.2 [a] [b]). Although petitioner has been under medication for many years to relieve her symptoms, she had not undergone preliminary testing and diagnosis at the time she first requested permission to consult the out-of-State specialist (18 NYCRR 540.4 [a] [2] [ii]). The local agency was entitled to documentation of her physical condition in order to know what further treatment would be required and whether such treatment was available locally. Petitioner's belief that she was suffering from a problem of chemical sensitivity that local physicians could not treat may well have been correct, but she did not co-operate with the agency's request to have that suspicion confirmed by medical authority. The record demonstrates that the determination, (1) that the Erie County Department of Social Services' determination not to provide payment for the services; (2) that there was no medical justification established for the visit of the doctor who examined petitioner at her home in Buffalo; and (3) that she failed to demonstrate medical necessity and avail herself of other medical care as recommended by the agency, was not arbitrary and capricious and contrary to law. We note that the local agency was directed to take necessary steps to assist petitioner in her efforts to have her condition diagnosed and treated and to take appropriate action (see 18 NYCRR 358.22). In the context of the within proceeding this court may not intervene in these relations. Finally, we point out that petitioner's potential remedy under the Workers' Compensation Law is no bar to eligibility for the specialized medical care and assistance under review. (Appeal from judgment of Supreme Court, Erie County, Sedita, J. — art 78.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.