■ In the Matter of GEORGE RIVERA, Petitioner, v SAMUEL J. ROZZI, as Police Commissioner of the Police Department of the County of Nassau, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondents Commissioner of the Nassau County Police Department and the Nassau County Police Department, dated May 14, 1987, which, after a hearing, found, *inter alia,* that the lateral epicondylitis from which the petitioner claims to suffer, is not the result of on-the-job injuries, and that a specified number of sick days previously charged as line-of-duty sick leave, be charged against the petitioner's personal sick time.

Adjudged that the petition is granted and the determination is annulled, without costs or disbursements, and the matter is remitted to the respondents for a new hearing pursuant to General Municipal Law § 207-c, and new determination.

After a hearing pursuant to General Municipal Law § 207-c (hereinafter section 207-c hearing), the Hearing Officer determined that the petitioner George Rivera, a police officer in the Nassau County Police Department, was fit for limited police duty, that the lateral epicondylitis from which the petitioner claims to suffer was not the result of a job-related injury, and that 14.5 sick days previously charged as line-of-duty sick leave should be charged to the petitioner's personal sick time. These findings were adopted by the respondent Commissioner of the Nassau County Police Department. The petitioner's

objections to this determination are (1) that whether or not time missed was the result of a job-related injury is, pursuant to section 8.11-4 (f) of the collective bargaining agreement between the County of Nassau and the Patrolmen's Benevolent Association, within the province of a Medical Review Board, and should not have been the subject of a section 207-c hearing; (2) that he was not given adequate notice of the section 207-c hearing because it was never indicated that the issue of whether or not time missed was the result of a job-related injury would be adjudicated, and (3) that the respondent Commissioner's determination is not supported by substantial evidence.

The facts of the case are briefly as follows. On May 2, 1982, the petitioner injured his right elbow in the performance of duty when attempting to restrain a patient who was having a seizure in an ambulance. For several weeks the petitioner was on intermittent sick leave as a result of the injury. His treating physician determined that he had suffered "a fissure fracture of the right radial head". On July 21, 1982, he reinjured his elbow while chasing a thief over a fence. On February 24, 1984, the petitioner began to experience pain in the elbow, while digging in his backyard to uncover a cesspool cover. The petitioner was placed on line-of-duty sick leave, but, by letter dated March 31, 1986, was ordered to return to limited duty effective April 1, 1986, pursuant to a finding by the Deputy Commanding Officer of the Medical Administration Unit of the Nassau County Police Department that he was fit for duty. The letter stated that if it was determined after a hearing that the petitioner was capable of performing certain specified duty, he would be charged the appropriate number of sick days for the period of time commencing with his refusal to work and any payment made pursuant to General Municipal Law § 207-c would cease. The petitioner refused to work pending a hearing.

The petitioner's union bargained for a procedure whereby his status on sick leave would be determined by a Disability Processing Committee, with a right of appeal to a Medical Review Board, rather than by way of a section 207-c hearing (see, Antinore v State of New York, 40 NY2d 921). However, the petitioner failed to object to the holding of a section 207-c hearing, but fully took part and acquiesced in it. He should, therefore, not be heard to complain. Since a review by a Medical Review Board is a procedure established in the collective bargaining agreement, a petitioner is not entitled to it after fully partaking in a section 207-c hearing.

We have, however, concluded that the determination should be annulled because the petitioner was not given adequate notice of the scope of the hearing. The letter of March 31, 1986, ordering the petitioner to return to limited duty, informed him that he was entitled to a hearing and that if it was determined after the hearing that he was capable of performing the specified duty, he would be charged the appropriate number of sick days for the period of time commencing with his refusal to work. Thus, the petitioner was entitled to assume that the issue at the hearing would be whether or not he was fit for limited duty, not whether or not the injury was job related. In broadening the scope of the hearing to include the cause of the injury, the respondents went beyond the notice given to the petitioner. Thus, the decision to charge 14.5 days to the petitioner's personal sick time, on the basis of a finding that the lateral epicondylitis from which he suffers was not the result of a job-related injury, penalizes the petitioner on the basis of causation rather than a finding of fitness for duty. "The first fundamental of due process is notice of the charges made. This principle equally applies to an administrative proceeding for even in that forum no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged" *(Matter of Murray v Murphy,* 24 NY2d 150, 157). A petitioner is entitled to sufficient notice of the charges against him to enable him to adequately prepare a defense *(Matter of Fitzgerald v Libous,* 44 NY2d 660; *Matter of Shapiro v Board of Regents,* 16 NY2d 783).

Therefore, the matter must be remitted to the respondents for a new section 207-c hearing. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.