■ In the Matter of ELLEN BENSON, Petitioner, v BOARD OF EDUCATION OF THE WASHINGTONVILLE CENTRAL SCHOOL DISTRICT, Respondent.—Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Appellate Division, Second Department) to review a determination of respondent which terminated petitioner's employment as a school bus driver.

Petitioner, a bus driver for the Washingtonville Central School District in Orange County, was charged pursuant to Civil Service Law § 75 with (1) operating of a school bus in an unsafe, uncontrolled and negligent manner, (2) causing $12,600 worth of damages as a result thereof, and (3) failing to report the resulting accident. The Hearing Officer sustained charge No. 1 finding, *inter alia,* that petitioner acknowledged that she required additional practice in backing and parking the 44-passenger bus, that she drove at an unreasonable speed in backing and maneuvering the bus, that she backed out although she felt unqualified to do so and that this act constituted misconduct. The Hearing Officer also stated that, even if it was found that petitioner felt herself competent to maneuver the bus, her actions were incompetent. The Hearing Officer also sustained charge No. 2, finding that substantial damage was done to the garage and other buses. Charge No. 3 was dismissed. A penalty of dismissal was recommended. Subsequently, petitioner was dismissed by respondent.

In her petition for CPLR article 78 relief petitioner alleges that the determination was arbitrary and capricious and that the penalty was excessive. Supreme Court, after first ruling on objections in point of law, held that the petition included an issue of substantial evidence and transferred the proceeding to the Appellate Division. Supreme Court ruled that a single act of negligence could support a charge of incompetence and that the challenge to the excessiveness of penalty must await a resolution of whether substantial evidence supported the decision.

Preliminarily we address the issue of whether Supreme Court properly transferred the proceeding to the Appellate Division. If a petitioner properly raises a question of whether a determination after a hearing is supported by substantial evidence, the proceeding is to be transferred to the Appellate Division *(see,* CPLR 7804 [g]).* We note that the instant petition did not raise a substantial evidence question and the

---

* This proceeding was transferred prior to the amendment of CPLR 7804 (g) effective January 1, 1991 (L 1990, ch 575, § 1).

matter was thus improperly transferred to the Appellate Division *(see, Matter of Catalano v Blum,* 90 AD2d 669). We elect, however, for judicial economy, to retain jurisdiction and determine the issues raised on the merits *(see, Thurman v Holahan,* 123 AD2d 687).

Turning to the merits, we initially address petitioner's challenge to the Hearing Officer's findings which were ultimately adopted by respondent. Petitioner contends, *inter alia,* that the finding of misconduct must be annulled since the findings of fact were outside the scope of the charges. Petitioner was found guilty of incompetency as well as intentional misconduct despite the fact that formal charges against petitioner unambiguously alleged only negligent or incompetent conduct, that is, that she operated a school bus "in an unsafe, uncontrolled and negligent manner". Incompetency and misconduct are two separate matters, the latter requiring a showing of willfulness or intentional conduct *(see, Matter of Griffin v Thompson,* 202 NY 104, 113; *Matter of Brockman v Skidmore,* 43 AD2d 572, *revd on other grounds* 39 NY2d 1045). In order to satisfy due process, a notice of charges must reasonably apprise the accused of the claim being made so that an adequate defense may be mounted *(see, Matter of Fitzgerald v Libous,* 44 NY2d 660, 661; *see also, Matter of Gelfand,* 70 NY2d 211, *cert denied* 484 US 977). The determination must be based on the charges made *(see, Matter of Rivera v Rozzi,* 149 AD2d 514) and "no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged" *(Matter of Murray v Murphy,* 24 NY2d 150, 157).

The finding of misconduct in this case must be annulled. The charges as stated could not be construed as charging petitioner with acts of intentional misconduct. The Hearing Officer's findings of intentional misconduct were outside the scope of the charges and, thus, unwarranted. Because the record is adequate to support the charges actually levied against petitioner, the proper remedy is to remit the matter to respondent for new findings and a reconsideration of the penalty imposed *(see, Matter of Libra v University of State of N. Y.,* 124 AD2d 939, 940, *appeal dismissed* 69 NY2d 933, *lv denied* 70 NY2d 603).

Mercure, Crew III and Mahoney, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondent for further proceedings not inconsistent with this court's decision.