■ In the Matter of THOMAS G. GILLEN, Petitioner, v SMITH-TOWN LIBRARY BOARD OF TRUSTEES, Respondent. [650 NYS2d 787] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Smithtown Library Board of Trustees, dated February 28, 1995, which, after a hearing, found the petitioner guilty of six charges of misconduct and/or incompetence and dismissed him from his position as Director of the Smithtown Library.

Adjudged that the petition is granted to the extent that the determination with respect to charges 3, 4, 5, and 7 is annulled, those charges are dismissed, on the law, without costs or disbursements, the penalty of dismissal is annulled, the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the respondent Smithtown Library Board of Trustees for imposition of a new penalty.

The petitioner was found guilty of six charges of misconduct and/or incompetence interposed on August 16, 1994, arising from appointments or proposed appointments of library employees.

Charges 1 and 2 dealt with granting salary increases and/or "temporary promotions" to employees who assumed out-of-title work after a retirement incentive and budget shortfall created a shortage of employees in higher-level positions. These charges also alleged that the petitioner "failed to report the correct

titles and/or salaries to Civil Service on the CS Form 150 and the Payroll Certification". Those documents reflected the salary increases but failed to report any change in title.

As the Hearing Officer noted, the petitioner was "confronted with a quandary as to how to properly and lawfully handle promotion/salary increase for personnel in light of the fiscal crisis". His motivations—to avert layoffs and to comply with the collective bargaining agreement, which stated that "[a]ny employee required to perform and assume full responsibility in a higher paying title for a period of more than four (4) weeks shall be temporarily promoted to and paid at the higher title rate"—were good, but the solution devised by him violated the Civil Service Law. Accordingly, we find that those charges are supported by substantial evidence.

However, the remaining charges of misconduct and/or incompetence were not established.

Charge 3 alleged that the petitioner "failed to inform the Smithtown Library Board of Trustees (hereinafter the Board) about the salary range for an entry-level computer operator" and "failed to inform the Board that there existed a Suffolk County list for the computer operator position". The Hearing Officer found that the evidence adduced in support of Charge 3 demonstrated conduct which was "[p]robably not" incompetence, "but it was misconduct not to lay out all of the pertinent factors before a Board struggling to keep costs down and to hire the best possible candidate for the least amount of money". Misconduct is defined as willful or intentional wrongdoing (see, Matter of Benson v Board of Educ., 183 AD2d 996, 997; Matter of Griffin v Thompson, 202 NY 104, 113), which clearly was not demonstrated here.

June S. Carlson, Chair of the Board, acknowledged at the hearing that the petitioner gave the Board the salaries of computer operators who worked for Dix Hills Library, the Longwood Library, and the Town of Smithtown for comparison. Her objection was that he did not inquire as to the starting salary of a computer operator on the County-wide Civil Service list, which was set pursuant to a 1991 contract. The petitioner limited his inquiry to salaries set in 1993 and 1994, when the appointment was to be made, which certainly cannot be characterized as intentional wrongdoing, or incompetence.

Further, Carlson acknowledged that when the Board asked to see the Suffolk County Civil Service list for salaries of computer operators, the petitioner complied. The candidate which the petitioner recommended for the position was already employed by the Smithtown Library as a computer technician,

had passed the Civil Service test, was, in fact, on the Suffolk County Civil Service list for the position of computer operator, and was the only person on that list who was a resident of the Town of Smithtown. The collective bargaining agreement provided that "[p]reference in hiring is given to residents of the Town of Smithtown". Accordingly, the petitioner's preference for the candidate whom he recommended to the Board was mandated by contract.

The remainder of the charges dealt with a long-standing practice of the library, which the Board acknowledged dated back at least to 1986 during the tenure of the prior library director. When vacancies in positions occurred, the Director would fill the positions, prior to Board approval, and the Board would thereafter approve the appointments retroactively, with the minutes reflecting that the appointments were retroactive. By memorandum dated June 2, 1994, the Town Attorney, citing no authority, informed the Board that this practice was "not permissible". The Board in its brief contends this practice was contrary to "Town policy". There is nothing in the record to indicate how petitioner should have known about this "policy", nor is there any evidence that the Smithtown Library ever observed such a policy. In the absence of any evidence of willful or intentional conduct constituting misconduct *(see, Matter of Benson v Board of Educ.,* 183 AD2d 996, 997, *supra; Matter of Griffin v Thompson,* 202 NY 104, 113, *supra),* or negligent, incompetent conduct, those charges must be dismissed.

In light of our dismissal of four of the charges, the penalty must also be annulled, and the matter remitted to the respondent for the imposition of a new penalty.

The parties' remaining contentions are without merit. Goldstein, J. P., Florio, McGinity and Luciano, JJ., concur.