■ In the Matter of James E. Rice, Petitioner, v Hilton Central School District Board of Education, Respondent. [667 NYS2d 524] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Since 1993, petitioner, a bus mechanic for the Hilton Central School District (school district), has been subject to work restrictions imposed by his physician

to facilitate the treatment of chronic tendinitis of the right arm. Those restrictions were periodically reviewed and modified by his physician depending upon the status of his condition. The last set of restrictions, imposed on April 18, 1996 and continued on May 22, 1996, limited the work that he was able to perform and resulted in his reassignment to light duty. In May 1996, the school district suspected fraud and hired a private investigator to conduct surveillance. On June 2nd and 5th, the investigator videotaped petitioner, who was on vacation, performing yardwork at his home without apparent discomfort. When petitioner returned to work on June 10th, he was questioned by the school district and suspended from employment.

Thereafter, petitioner was charged pursuant to Civil Service Law § 75 with misconduct, incompetency and insubordination. The school district alleged that, (1) by his actions on June 2nd and 5th, petitioner showed "that he is capable of activity in excess of the workplace restrictions that he obtained from his physician [on May 22, 1996]", and (2) petitioner did not tell the truth about his activities when questioned on June 10th. The principal proof of guilt at the hearing was the videotape, and the principal witness for the school district was its physician, who testified without contradiction that petitioner appeared on the videotape to be working beyond the restrictions imposed on May 22, 1996 and with no sign of discomfort. Furthermore, petitioner admitted at the hearing that he had lied during the investigatory interview. The Hearing Officer sustained the charges and recommended the penalty of dismissal. Respondent adopted the Hearing Officer's decision in part, sustaining all charges but that of incompetency, and terminated petitioner's employment. Petitioner then commenced this CPLR article 78 proceeding, which was transferred to us pursuant to CPLR 7804 (g).

Upon our review of the record, we conclude that the charges sustained by respondent are supported by substantial evidence (*see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181-182). Any challenge by petitioner to the credibility of the witnesses is beyond the scope of our review (*see, Matter of Collins v Codd*, 38 NY2d 269, 271). Petitioner, however, has been employed by the school district for 29 years and has not had a blemish on his record until now. The charges do not allege any ongoing fraud and focus exclusively on petitioner's activities following May 22, 1996. Between May 22, 1996 and June 10, 1996, petitioner worked only 1½ days because of vacation and unrelated illness, and

there is no proof that, during those 1½ days, petitioner's alleged disability caused any major disruption in the workplace. The Hearing Officer nevertheless concluded that the offense is not trivial and merits dismissal because "it was systematic and because it covered a period of months and possibly even years", and that conclusion was adopted by respondent. Petitioner, however, was not so charged, nor does the proof support that conclusion. Due process requires that the penalty be based on the charges actually made and proven (*see, Matter of Benson v Board of Educ.*, 183 AD2d 996, 997, *lv denied* 80 NY2d 756; *see also, Matter of Murray v Murphy*, 24 NY2d 150, 157). We therefore remit this matter to respondent for new findings and a reconsideration of the penalty imposed (*see, Matter of Benson v Board of Educ., supra*). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Lunn, J.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.