■ In the Matter of ANN COLLINS, Petitioner, v PARISHVILLE-HOPKINTON CENTRAL SCHOOL DISTRICT et al., Respondents. [681 NYS2d 132] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent Board of Education of the Parishville-Hopkinton Central School District which terminated petitioner's employment as a bus driver.

Petitioner was employed as a full-time bus driver by respondent Parishville-Hopkinton Central School District in the Town of Parishville, St. Lawrence County. At around 5:00 P.M. on November 20, 1996, petitioner arrived at the School District's bus garage in order to meet with other School District bus drivers and travel with them to a nearby school to attend a bus driver training workshop. It is undisputed that petitioner brought a 12-pack of beer with her to the bus garage and that she consumed some beer in the bus garage while awaiting transportation to the training session. Subsequently, the School District brought disciplinary charges against petitioner alleging that petitioner (1) brought and consumed beer upon School District property, (2) attended a bus driver safety workshop after having consumed beer, (3) was under the influence of alcohol at the workshop, (4) upon her return to the School District property, drove out of the parking lot at a high rate of speed, spinning her tires and performing a "doughnut" and "fishtailing" in the parking lot, and (5) appeared distracted and inattentive at the training session.

Following a hearing conducted pursuant to Civil Service Law § 75, the Hearing Officer found that petitioner (1) brought beer into the School District bus garage and consumed beer on School District property, (2) offered beer to the other school bus drivers who were present, including the one who was about to drive the group to the training session, and (3) while at the training session, left beer in the open bed of her pickup truck in the School District parking lot. Concluding that petitioner used poor judgment in each of those respects, the Hearing Officer recommended that she be dismissed. Upon administrative appeal, respondent Board of Education of the Parishville-

Hopkinton Central School District issued a terse resolution finding petitioner "to be guilty of the charges laid against her and each of them" and adopted the Hearing Officer's recommended penalty of dismissal, a determination challenged in this CPLR article 78 proceeding.

As a threshold matter, we agree with petitioner that respondents waived their objection to the petition based upon petitioner's alleged failure to comply with the notice of claim requirements of Education Law § 3813 by not raising it prior to Supreme Court's transfer of the proceeding to this Court pursuant to CPLR 7804 (g). Notably, the untimeliness of respondents' motion to amend its answer to include that objection, made approximately four months following Supreme Court's transfer of the proceeding to this Court, had the effect of precluding Supreme Court's fulfilment of its statutory obligation to dispose of all objections, other than those raising the substantial evidence issue, as could terminate the proceeding prior to transfer (CPLR 7804 [g]; *see*, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7804:8, at 660).

Turning now to the merits, we conclude that the determinations of the Hearing Officer and of the Board of Education were replete with error, requiring annulment of the challenged determination and remittal for further proceedings. We first note that two of the Hearing Officer's findings of misconduct, i.e., that petitioner offered beer to other bus drivers and that she left beer in the open bed of her pickup truck, related to acts that were not alleged in the statement of charges against petitioner. Fundamentally, the determination made in a disciplinary proceeding "must be based on the charges made (*see, Matter of Rivera v Rozzi*, 149 AD2d 514) and 'no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged'" (*Benson v Board of Educ.*, 183 AD2d 996, 997, *lv denied* 80 NY2d 756, quoting *Matter of Murray v Murphy*, 24 NY2d 150, 157). The Hearing Officer therefore erred in finding petitioner guilty of two uncharged specifications of misconduct and basing his recommendation as to penalty thereon.

Second, although the Board of Education was not bound by the Hearing Officer's determination to dismiss four of the charges levied against petitioner and was entitled to find petitioner guilty of those charges if the hearing evidence provided adequate factual support therefor (*see, Matter of Simpson v Wolansky*, 38 NY2d 391, 394), it was incumbent upon the Board of Education to render a decision with specific

factual findings supporting its conclusions in that regard (*see, Matter of Montauk Improvement v Proccacino*, 41 NY2d 913, 914; *Matter of Simpson v Wolansky, supra*, at 396; *Matter of Adler v Bureau of Professional Med. Conduct*, 211 AD2d 990, 992). The Board of Education having made no statement of the hearing evidence relied upon to support its findings of guilt, the determination must be annulled and the matter remitted to that body so that it may make findings of fact in support of whatever decision it may deem proper, based on the evidence previously presented (*see, Matter of Montauk Improvement v Proccacino, supra*, at 914).

In view of the foregoing, petitioner's additional contentions need not be considered.

Cardona, P. J., White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondent Board of Education of the Parishville-Hopkinton Central School District for further proceedings not inconsistent with this Court's decision.