OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner commenced a CPLR article 78 proceeding challenging, after a hearing, the Library’s Board of Trustees’ determination of misconduct and termination of employment. On transfer from Supreme Court, the Appellate Division dismissed *778 four of the charges, annulled, the penalty, and remanded the matter “for the imposition of a new penalty” (Matter of Gillen v Smithtown Lib. Bd. of Trustees, 234 AD2d 368, 370 [Gillen I]). Once again, the Board chose to terminate petitioner’s employment based on the two sustained charges. Petitioner commenced a second article 78 proceeding contesting his termination. Supreme Court upheld the Board’s penalty and petitioner appealed. This time the Appellate Division affirmed (Matter of Gillen v Smithtown Lib. Bd. of Trustees, 254 AD2d 486). Petitioner now challenges that penalty on appeal.
Petitioner was found guilty of two charges of submitting reports to the Department of Civil Service falsely indicating that several employees were working at lower titles. In fact, petitioner had temporarily promoted these lower level employees to higher titles and paid them at the higher title rate. This violated the Civil Service Law because the employees promoted were not on a civil service eligible list. Although petitioner could have hired eligible employees from other libraries, doing so would have required terminating Smithtown Library employees.
Because the employees promoted by petitioner were not eligible for the higher titles, he could not report their higher titles to the Department of Civil Service. Instead, he falsely reported that the employees were working at lower titles. Petitioner’s conduct violated numerous provisions of the Civil Service Law, including Civil Service Law § 97 (1), which prohibits appointments of those who have not passed the appropriate civil service examination and requires the appointing officer “forthwith upon such appointment” to report, among other things, “the title and character” of the employee’s office or employment (Civil Service Law § 97 [1]). Petitioner also submitted false payroll certifications in violation of Civil Service Law § 100 (1), which prohibits payroll disbursements unless it has been certified that persons to receive pay “are employed in their respective positions in accordance” with the Civil Service Law (Civil Service Law § 100 [1]).
Given petitioner’s repeated violation of the Civil Service Law, it cannot be said that the penalty imposed is “ ‘so disproportionate to the offense * * * as to be shocking to one’s sense of fairness’” (Matter of Pell v Board of Educ., 34 NY2d 222, 233; see also, Matter ofVerney v New York State Liq. Auth., 94 NY2d 779 [decided today]; Matter of Johnson v Board of Trustees, 61 NY2d 1014, 1015). That the Appellate Division in Gillen I remanded the matter for the imposition of a new penalty after *779 dismissing four of the charges does not change our decision. A reviewing court generally “will not presume to determine the precise sanction to be imposed” (Harris v Mechanicville Cent. School Dist., 45 NY2d 279, 285). Thus, where, as here, several charges have been dismissed on appeal, an appellate court will often remit the matter for an appropriate penalty (id.; see also, Matter ofAhsaf v Nyquist, 37 NY2d 182, 186). Our standard of review remains the same based on the charges sustained, not on those dismissed.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
Order affirmed, with costs, in a memorandum.