■ In the Matter of GARY SALINO, Appellant, v ROBERT J. CIMINO et al., Respondents. [749 NYS2d 542] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Attorney, dated April 20, 2000, denying the petitioner's request that the respondent County Attorney defend him in a federal civil rights action entitled *Kay v County of Suffolk*, pending in the United States District Court for the Eastern District of New York, under Index No. CV-00-1161, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered March 7, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the respondent Suffolk County Attorney is directed to

defend the petitioner in the federal civil rights action entitled *Kay v County of Suffolk,* pending in the United States District Court for the Eastern District of New York, under Index No. CV-00-1161.

A federal civil rights action was commenced in the United States District Court for the Eastern District of New York against various parties, including the petitioner, a police officer employed by the County of Suffolk. The complaint in the federal action alleged that the petitioner, inter alia, used his position and contacts as a Suffolk County police officer to harass, annoy, and alarm the plaintiff therein. The petitioner requested, pursuant to Suffolk County Code § 35-3 (A), that the County of Suffolk provide for his legal defense in that federal action. The Suffolk County Attorney determined that despite the language of Suffolk County Code § 35-3 (A), the county would not provide the petitioner with a defense. The petitioner brought this CPLR article 78 proceeding, contending, inter alia, that the County Attorney acted arbitrarily and capriciously in denying him a defense.

Contrary to the conclusion of the Supreme Court, we find that the County Attorney's determination that the petitioner was not entitled to a defense was arbitrary and capricious. Under the clear and unambiguous language of Suffolk County Code § 35-3 (A), the County is obligated to provide a defense for a police officer in any action "arising out of any act or omission" which is alleged in the complaint "to have occurred while the police officer was acting, or in good faith purporting to act, within the scope of his public employment or duties." Some of the acts asserted in the complaint in the underlying federal civil rights action were alleged by the plaintiff to have been performed by the petitioner in his capacity as an employee of the County of Suffolk. Therefore, applying the clear and unambiguous meaning of the language contained in the legislation, the County of Suffolk is obligated to afford a defense to the petitioner (*see Bender v Jamaica Hosp.,* 40 NY2d 560; McKinney's Cons Laws of NY Book 1, Statutes § 76). Accordingly, the determination denying the petitioner a defense in the federal civil rights action was arbitrary and capricious (*see Matter of Pell v Board of Educ.,* 34 NY2d 222; *see also Matter of Gillen v Smithtown Lib. Bd. of Trustees,* 254 AD2d 486, *affd* 94 NY2d 776). O'Brien, J.P., Friedmann, Schmidt and Townes, JJ., concur.