■ In the Matter of NICHOLAS TARTAGLIONE, Respondent, v BOARD OF COMMISSIONERS OF THE POLICE DEPARTMENT OF THE VILLAGE OF BRIARCLIFF MANOR, Appellant. [754 NYS2d 323] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Commissioners of the Police Department of the Village of Briarcliff Manor, dated March 27, 2001, which terminated the petitioner's employment with the Police Department of the Village of Briarcliff Manor, the appeal is from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered November 15, 2001, which, inter alia, granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs.

The petitioner, a Village of Briarcliff Manor police officer, arrested an individual for driving while intoxicated (hereinafter DWI) in May 1999. At a mandatory Department of Motor Vehicles (hereinafter the DMV) "refusal" hearing, the petitioner testified that he did not recall whether he read the arrestee his DWI refusal warnings. Thereafter, the Police Department of the Village of Briarcliff Manor (hereinafter the Department) served upon the petitioner a notice of charges and specification of charges, alleging that the petitioner (1) violated department rules of conduct by having "engaged in conduct prejudicial to the good order, efficiency and discipline of the Department, inconsistent with the standards of the law enforcement profession; which brings the Department into disrepute; and which reflects unfavorably upon you as a member of the Department"; (2) violated Penal Law § 210.15 by providing false testimony at the DMV hearing; (3) violated Penal Law § 195.00 by exercising his official functions in a manner he "knew to be unauthorized by perjuring [him]self" at the DMV hearing; and (4) violated department rules "when, by perjuring [him]self at a court-ordered hearing, [he] caused to be withdrawn" the charges against the arrestee "without proper authorization." The specification of charges also alleged that the petitioner perjured himself at the DMV hearing by stating that he could not recall giving the arrestee his DWI warnings.

Following a disciplinary hearing held pursuant to Unconsolidated Laws of NY § 5711-q (9), the appellant, Board of Commissioners of the Police Department of the Village of Briarcliff Manor (hereinafter the Board), found the petitioner not guilty of charges 2, 3, and 4, because the evidence was insufficient to support a finding that the petitioner gave perjurious testimony at the DMV refusal hearing. However, the Board found the petitioner guilty of charge 1, based on evidence that he did not read the DWI refusal warnings, completed and signed forms acknowledging that the arrestee was given the refusal warnings, attended the DMV hearing without copies of any documents from the department file related to the DWI arrest, attempted to testify to assist another police officer who was close friends with the arrestee, fabricated a statement to the Chief of Police that he had read the arrestee his refusal warnings, and gave inconsistent testimony 24 hours later that he could not accurately recall if he had given the refusal warnings. Based upon its finding of guilt on charge 1, the Board terminated the petitioner's employment.

The petitioner commenced this proceeding to review the de-

termination, inter alia, based on alleged violations of due process, including that the Board found him guilty of uncharged misconduct. The petitioner specifically limited the instant proceeding by raising only questions of law, and declined to raise the issue of substantial evidence. Accordingly, at the outset, we reject the Board's contention that the Supreme Court was without jurisdiction to decide the due process claim (*see* CPLR 7804 [g]; *cf. Matter of Charles v Commissioner, N.Y. State Dept. of Social Servs.,* 240 AD2d 490).

Equally without merit is the Board's contention that, contrary to the Supreme Court's determination, the petitioner was given notice of the charges for which he was ultimately found guilty. "The first fundamental of due process is notice of the charges made. This principle equally applies to an administrative proceeding for even in that forum no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged * * * A public employee has a claim to due process and he may assume that the hearing will be limited to the charges as made. His lawyer is likewise entitled to prepare for the hearing in reliance that, after the hearing is concluded, the charges will not be switched. Any other course is a violation of the employee's right to be treated with elemental fairness" (*Matter of Murray v Murphy,* 24 NY2d 150, 157; *see Matter of Collins v Parishville-Hopkinton Cent. School Dist.,* 256 AD2d 700, 701; *Matter of Rivera v Rozzi,* 149 AD2d 514, 516).

Here, the petitioner was deprived of the opportunity to adequately prepare a defense as he was not provided with notice of the misconduct of which he was found guilty. A reading of the Board's determination reveals that the Board found that the improper course of conduct consisted of unnoticed factual allegations (*see Matter of Murray v Murphy, supra*). Accordingly, the Supreme Court properly annulled the Board's determination and remitted the matter to the Board for further proceedings.

The Board's remaining contentions are without merit. Santucci, J.P., O'Brien, Goldstein and Cozier, JJ., concur.