■ In the Matter of EDNA DURYEA, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [926 NYS2d 477]—

Determination of respondent New York City Housing Authority, dated September 16, 2009, which required the permanent exclusion of petitioner's grandson from her apartment as a condition of petitioner's continued occupancy in public housing, unanimously modified, on the facts, to vacate the grandson's

exclusion as well as respondent's finding that the record did not establish that his misconduct "is not likely to repeat" or that he has been rehabilitated, and remand the matter for imposition of a lesser penalty, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan B. Lobis, J.], entered May 4, 2010) is otherwise disposed of by confirming the remainder of the determination, without costs.

Except as noted below, substantial evidence supports respondent's findings (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). The grandson, who was 18 years old at the time of the underlying incident, was arrested with other youths and charged with the possession of a loaded gun that was recovered from the ground in the vicinity of the Housing Authority's premises. The grandson pleaded guilty to criminal possession of a weapon in the second degree on February 20, 2009 and was promised youthful offender treatment plus a sentence of probation of one year upon conditions that included the completion of a program under the auspices of the Center for Alternative Sentencing and Employment Services (CASES). At the time of the hearing and respondent's determination, the grandson was enrolled in the CASES program and his youthful offender adjudication was pending. The hearing officer made a finding that since his enrollment in the program, the grandson's school attendance improved significantly and he stopped associating with the individuals with whom he was arrested. In light of the unchallenged evidence of the grandson's progress in the CASES program, respondent's finding that his misconduct was likely to be repeated or that he has not been rehabilitated is not supported by substantial evidence. Accordingly, the penalty shocks our sense of fairness to the extent that it requires the exclusion of petitioner's grandson from her public housing unit.

We find the incident involving the grandson's arrest to be an isolated and apparently aberrant event in petitioner's otherwise unblemished 36-year tenancy (*see Matter of Powell v Franco*, 257 AD2d 509 [1999], *lv denied* 94 NY2d 753 [1999]). Concur—Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Richter, JJ.