# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1011

TP 11-00777

PRESENT: SCUDDER, P.J., LINDLEY, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF MARK A. LICCIARDI, PETITIONER,

                     V                              MEMORANDUM AND ORDER

CITY OF ROCHESTER, RESPONDENT.

---

TREVETT CRISTO SALZER & ANDOLINA, P.C., ROCHESTER (LAWRENCE J. ANDOLINA OF COUNSEL), FOR PETITIONER.

JEFFREY EICHNER, ACTING CORPORATION COUNSEL, ROCHESTER (IGOR SHUKOFF OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Evelyn Frazee, J.], entered November 9, 2010) to review a determination of respondent. The determination terminated the employment of petitioner as a firefighter.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law by granting the petition in part and annulling those parts of the determination finding that petitioner is guilty of specification 2 of Charge 1, Charges 2 and 3, specification 1 of Charge 4 and Charge 7, and as modified the determination is confirmed without costs, and the matter is remitted to respondent for new findings with respect to Charge 7 and reconsideration of the penalty imposed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination terminating his employment as a firefighter for respondent. We agree with petitioner that several of the findings of misconduct rendered following a hearing are not supported by substantial evidence (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231). Four of the charges of misconduct involved petitioner's part-time outside employment while on sick leave from his employment as a firefighter. The record of the hearing, however, contains no "relevant proof as a reasonable mind may accept as adequate to support [the] conclusion" that working an additional part-time job while employed by respondent's Fire Department (Department) was not permitted or that the part-time job itself was improper or illegal (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180). Thus, the determination that petitioner's conduct violated the

Department's rule that members must at all times " 'conduct themselves to the credit of the Department,' " as alleged in specification 2 of Charge 1, and the rule that a firefighter shall " 'not conduct himself [or herself] in a manner unbecoming[] or prejudicial to the good reputation, the order, or discipline of the . . . Department,' " as alleged in specification 1 of Charge 4, are not supported by substantial evidence. We therefore modify the determination accordingly.

In Charge 2, respondent alleged that petitioner violated the Department's rule that a member shall not " 'knowingly[] or intentionally[] make[] or cause to be made a false report in connection with the . . . Department or other employees thereof' " by submitting a letter from his treating physician that stated without qualification that petitioner was unable to work during the time that he was out on sick leave. At the hearing, however, the physician testified that petitioner's disability was causally related to a work incident at the Department and that, although he was prevented from working as a firefighter, the part-time job outside of the Department was therapeutic. We thus conclude that the determination that petitioner knowingly and intentionally made a false report, as alleged in Charge 2, is not supported by substantial evidence, and we therefore further modify the determination accordingly.

Six of the charges of misconduct involved an incident in which petitioner allegedly made inappropriate comments about a Chief Officer of the Department. Charge 3 alleged that petitioner violated the Department's rule against " 'publically criticiz[ing] or ridicul[ing] the Department, its policies, or other employees . . . .' " We conclude that there is insufficient evidence from which to infer that the comments in question were made in the presence of the general public or otherwise publicly disseminated and thus that Charge 3 is not supported by substantial evidence. Charge 7 alleged that petitioner violated the Department's rule against the intentional making of a false report or statement concerning the Department or any of its members by making inappropriate, false and defamatory remarks about a Chief Officer. We agree with petitioner that respondent erred in finding him guilty of that charge based on conduct that was not alleged in the single specification supporting the charge (*see Matter of Brown v Saranac Lake Cent. School Dist.*, 273 AD2d 785, 785). Indeed, petitioner was found guilty of that charge based upon the finding that he had submitted false documentation regarding his sick leave, rather than upon any finding concerning the comments in question, and thus the finding of misconduct with respect to Charge 7 must be annulled as outside the scope of the charges (*see id.*). We therefore further modify the determination accordingly. Inasmuch as "the record contains evidence to support . . . [C]harge[ 7 as] actually made," we remit the matter to respondent for new findings on that charge and reconsideration of the penalty imposed with respect to all of the charges (*id.* at 786; *see Matter of Benson v Board of Educ. of Washingtonville Cent. School Dist.*, 183 AD2d 996, 997, *lv denied* 80

NY2d 756).

Entered:  September 30, 2011                     Patricia L. Morgan
                                                 Clerk of the Court