OPINION OF THE COURT
Lucy Billings, J.
This proceeding seeks to reverse respondent’s unsatisfactory rating of petitioner’s performance as a teacher, its termination of her probationary employment as a teacher, and its revocation of her license to teach first through sixth grades.
I. The Petition to Review the Termination of Probationary Employment is Time-Barred
This court may not review respondent’s termination of petitioner’s probationary employment because more than four months elapsed between her receipt of respondent’s notice dated July 16, 2007, terminating that employment, and her commencement of this proceeding. (CPLR 217 [1]; Kahn v New York City Dept. of Educ., 18 NY3d 457, 462, 471-472 [Feb. 14, 2012]; Matter of Andersen v Klein, 50 AD3d 296 [1st Dept 2008]; Friedland v New York City Dept. of Educ., 39 AD3d 395, 396 [1st Dept 2007]; Matter of Lipton v New York City Bd. of Educ., 284 AD2d 140, 141 [1st Dept 2001].) Therefore the court proceeds to review respondent’s further actions that petitioner challenges: an unsatisfactory rating for the 2006-2007 school year and the revocation of her teaching license. (Kahn v New York City Dept. of Educ., 18 NY3d at 466 n 3.)
II. Respondent’s Failure to Produce a Complete Record of the Administrative Proceedings Requires a Remand
Respondent’s failure to preserve and provide a complete record of its administrative hearing on the unsatisfactory rating and revocation violated its own regulatory procedures. (CPLR *293 7803 [3]; NY City Dept of Educ, Chancellor’s Regulation C-31 § 3.2.4.) Respondent’s inability to produce a hearing transcript, in violation of lawful procedures, requires the court to annul respondent’s determination and remand the proceeding for a new hearing to be conducted in compliance with those procedures. (CPLR 7804 [e]; e.g. Matter of Costantino v Goord, 38 AD3d 657, 658 [2d Dept 2007].)
This result is especially warranted because the Interim Acting Deputy Chancellor, who made the final decision that both terminated petitioner’s probation and rated her performance unsatisfactory, precipitating revocation of her license, did not attend the hearing. Based solely on the incomplete transcript, he nonetheless reversed the unanimous recommendation of the Chancellor’s Committee, who heard the evidence, not to revoke petitioner’s license. Thus the incomplete record not only precludes the court’s adequate review, but also precluded the Interim Acting Deputy Chancellor from making a decision upon consideration of the full record. Lacking that adequate and necessary basis, his final administrative decision was arbitrary as well as in violation of the Chancellor’s Regulations. (CPLR 7803 [3]; Goodwin v Perales, 88 NY2d 383, 392 [1996]; Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of Soho Alliance v New York State Liq. Auth., 32 AD3d 363 [1st Dept 2006].)
III. Revocation of Petitioner’s Teaching License is an Excessive Penalty
Respondent imposed the severe penalty, beyond termination of petitioner’s probation, of revoking her teaching license. The Interim Acting Deputy Chancellor imposed this penalty against the hearing committee’s unanimous recommendation, after a single official observation following petitioner’s midyear transfer into a new grade and more difficult class, which had lacked a permanent teacher and been covered by various substitute teachers. Petitioner received a satisfactory rating after her only prior official observation, with her prior class.
Neither the determination of July 16, 2007 by the Community Superintendent for petitioner’s school district, nor the June 15, 2007 notice of the review and consideration of discontinuance, specified absenteeism as a basis for petitioner’s unsatisfactory rating or for revoking her license or discontinuing her employment. Nor do the determinations by the Chancellor’s Commit *294 tee and the Interim Acting Deputy Chancellor refer to absenteeism. Insofar as the Interim Acting Deputy Chancellor based his decision on “file documents and testimony,” which may refer to absenteeism, such a belated and obscure reference hardly constitutes timely or adequate notice to petitioner of the charges against her. (Verified answer, exhibit 14.)
Due process requires that petitioner “be given notice of the charges and evidence against [her] and an opportunity to appear to rebut the charges” (Matter of Strom v Erie County Pistol Permit Dept., 6 AD3d 1110, 1111 [4th Dept 2004]), to prepare adequately to defend the charges, and “to submit proof in response.” (Matter of Pacicca v Allesandro, 19 AD3d 500, 501 [2d Dept 2005]; see Wolfe v Kelly, 79 AD3d 406, 410 [1st Dept 2010]; Mayo v Personnel Review Bd. of Health & Hosps. Corp., 65 AD3d 470, 472-473 [1st Dept 2009]; Matter of Gordon v LaCava, 203 AD2d 290, 291 [2d Dept 1994]; Matter of Benson v Board of Educ. of Washingtonville Cent. School Dist., 183 AD2d 996, 997 [3d Dept 1992].) In particular: “In the context of an administrative hearing, the charges need to be ‘reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights are being determined of the charges against him . . . and to allow for the preparation of an adequate defense.’ ” (Wolfe v Kelly, 79 AD3d at 410, quoting Matter of Block v Ambach, 73 NY2d 323, 333 [1989].) Even if wrongdoing is shown by the evidence, if that wrongdoing was not charged, it may not furnish a reason for revoking petitioner’s license or for related adverse action. (Mayo v Personnel Review Bd. of Health & Hosps. Corp., 65 AD3d at 472; Matter of Rice v Hilton Cent. School Dist. Bd. of Educ., 245 AD2d 1104 [4th Dept 1997].)
Respondent’s reliance in this proceeding on petitioner’s absenteeism or failure to report her absenteeism timely, as a justification for her rating and license revocation, similarly constitutes an impermissible post hoc rationalization. (Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth., 88 NY2d 56, 75 [1996]; Matter of L&M Bus Corp. v New York City Dept. of Educ., 71 AD3d 127, 135 [1st Dept 2009], affd as modified on other grounds 17 NY3d 149, 159 [2011]; Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal, 283 AD2d 284, 287-288 [1st Dept 2001]; Matter of 72A Realty Assoc. v New York City Envtl. Control Bd., 275 AD2d 284, 286 [1st Dept 2000].) “It is impermissible for respondents to raise issues in a court proceeding that were not raised on the record at the *295 time” of the administrative determination. (Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast, 17 NY3d 136, 143 n 4 [2011].)
Based on the notices to petitioner, respondent both assessed petitioner’s performance and revoked her license to teach first through sixth grades upon one observation after she had taught the first grade for three months, following her prior kindergarten class. Her competence to teach the second, third, fourth, fifth, and sixth grades has never been assessed. Respondent’s penalty is thus grossly disproportionate to three months of unsatisfactory performance teaching the first grade, even if respondent upon remand redetermines to rate her performance unsatisfactory. (Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]; see Matter of Duryea v New York City Hous. Auth., 85 AD3d 653 [1st Dept 2011]; Wong v McGrath-McKechnie, 271 AD2d 321-322 [1st Dept 2000].)
IV Conclusion
For the foregoing reasons, the court grants the petition to the extent of vacating the Interim Acting Deputy Chancellor’s decision dated June 22, 2010, and remands this proceeding to respondent for a new hearing on petitioner’s unsatisfactory rating and the imposition of a penalty, if any, short of revoking her teaching license. If upon remand respondent determines to rate her performance satisfactory, respondent also may redetermine the termination of her probation, insofar as the termination flowed from the prior unsatisfactory rating. (Kahn v New York City Dept. of Educ., 18 NY3d at 472; Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y., 71 NY2d 763, 765, 767-768 [1988]; see Kahn v New York City Dept. of Educ., 18 NY3d at 464, 468.) The court denies the remaining relief sought in the petition. This decision constitutes the court’s order and judgment on the petition. (CPLR 7803 [3]; 7806.)