■ In the Matter of BARI A. BROWER, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [11 NYS3d 42]—

Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 21, 2014, denying the petition to annul respondent's determination, dated December 20, 2012, which sustained the issuance of an unsatisfactory rating (U-rating) of petitioner's performance as a teacher for the 2006-2007 school year, and dismissing the proceeding, unanimously reversed, on the law, without costs, the petition granted, petitioner's U-rating for the 2006-2007 school year vacated, and the matter remanded to respondent for further proceedings consistent herewith.

Petitioner was certified by the State of New York as a public school teacher for grades 1 through 6 in September 2006. On August 31, 2006, she was appointed as a probationary kindergarten teacher with the Department of Education (DOE), and was assigned to P.S. 1 in the Bronx. She received a satisfactory rating in her first formal observation, on November 21, 2006. However, she received an unsatisfactory rating after an "informal observation" on January 10, 2007.

Later in January 2007, the principal discovered that petitioner, who was only licensed to teach grades 1-6, was teaching out of license at the kindergarten level, and reassigned her to a first-grade class. Although respondent asserts that the transfer occurred in January, petitioner states that it occurred in March, seven months into the school year. In any event, it was a midyear transfer into what petitioner describes as a "very difficult class." She alleges, inter alia, that five teachers had been assigned to the class in 2006-2007 and all had been reassigned or resigned; that many of the children in the class had severe behavior problems; and that the class was in effect "an unspecified 'special education' class."

On April 17, 2007, shortly after petitioner had been trans-

ferred to the new class, an assistant principal conducted a formal observation of petitioner's first-grade class, and rated petitioner unsatisfactory. The observation report found, inter alia, that during the lesson, two students were running around the room, and one ran out of the classroom; that petitioner did not "address the needs" of two named students; and that petitioner "did not bring the lesson to summation" when the period ended.

A third and final formal observation for the 2006-2007 school year was scheduled for June 12, 2007, but never occurred. In a June 14, 2007 letter to petitioner, the principal related the relevant events and concluded that petitioner "impeded [the observation] process from taking place" by twice rescheduling and postponing the dates set for her pre-observation conference, as well as for the formal observation, claiming illness and failing to follow the proper procedure for absences.

On June 15, 2007, petitioner received and signed her annual review for the 2006-2007 school year, which rated her unsatisfactory in 17 of the 23 categories listed on the rating sheet. The review further showed that petitioner was absent from school 11 times during the school year.

By letter dated June 15, 2007, the Community Superintendent for District 7 informed petitioner that her file would be reviewed for a determination of whether her services as a probationary teacher would be discontinued and whether her teaching license would be terminated as of the close of business on July 15, 2007. The letter stated: "The consideration of your discontinuance is based on professional attitude and professional growth; attention to records and reports; unsatisfactory classroom performance; poor planning and preparation; skill in adapting instruction to the individual needs of the students; evidence of pupil growth in knowledge and skills." This letter constituted the charging document that was the basis of the ensuing hearing. Notably missing from the charging document was any mention of excessive absences.

By letter dated July 16, 2007, the Community Superintendent for District 7 informed petitioner of the "reaffirm[ance] [of her] Discontinuance of Probationary Service and Termination." On November 20, 2007, an officially designated Chancellor's Committee, composed of three members, conducted a review of the decisions to issue petitioner a U-rating for the 2006-2007 school year, to discontinue her probationary service, and to revoke her New York City teaching certificate.

After considering the documents and testimony presented at the review, the majority of the Chancellor's Committee

concurred as to the recommendation to discontinue petitioner's probationary service. However, "[r]ecognizing that [petitioner] is young and inexperienced and that she had to take over a new class, which may have been more of a challenge than she could handle," the Committee "reached unanimous[ ] non-concurrence on the recommendation to terminate all license(s)/certificate(s) held by [petitioner]."

Approximately 2½ years later, by letter dated June 22, 2010, the Chancellor's designee informed petitioner that he had "reviewed the report of my Committee concerning the recommendation that all your teaching certificate(s)/licenses be terminated . . . and that your probationary service as a Teacher of Common Branches be discontinued," and had determined to sustain the recommendation. Accordingly, all of petitioner's licences/certificates to teach in New York City were terminated effective July 16, 2007. As petitioner notes, this determination was made notwithstanding the unanimous view of the Chancellor's Committee that the recommendation to terminate all her licenses/certificates held by petitioner should not be adopted.

This is petitioner's second CPLR article 78 proceeding. In the prior proceeding, the court concluded that the petition to review the termination of petitioner's probationary employment was time-barred, but granted the proceeding to the extent of annulling the unsatisfactory rating and revocation of petitioner's teaching license and remanding the matter for a new hearing on petitioner's unsatisfactory rating and the imposition of a penalty (*see Matter of Brower v New York City Dept. of Educ.*, 38 Misc 3d 291 [Sup Ct, NY County 2012]).

In the prior proceeding, the court also found, inter alia, that respondent failed to give petitioner adequate notice that absenteeism was a basis for its considering adverse action against her and thus that its reliance on petitioner's attendance record violated due process. Nevertheless, on remand, respondent again relied on evidence of absenteeism, as did the court in upholding petitioner's U-rating in the instant proceeding.

We find that respondent acted in a manner that was arbitrary and capricious. While the evidence of pedagogical deficiency—apart from the evidence of absenteeism—might, by itself, be sufficient to warrant the U-rating, that is for respondent to decide.

If, on remand, respondent declines to sustain petitioner's unsatisfactory rating, respondent is free to reconsider the termination of her probationary employment (*see Matter of Brower v New York City Dept. of Educ.*, 38 Misc 3d 291 [2012]).

If, on the other hand, respondent sustains the unsatisfactory rating, it is precluded from imposing the penalty of revocation of her teaching license because the judgment in the first article 78 proceeding directed that the penalty, if any, should be something less than revocation of petitioner's license, and respondent did not appeal from that judgment.

Petitioner here presents a much stronger case than that of the petitioner in *Matter of Brown v Board of Educ. of the City School Dist. of the City of N.Y.* (89 AD3d 486 [1st Dept 2011]), which involved a single improperly considered document that ostensibly related to the same issue—i.e., pedagogical quality—the evidence of which we ultimately found adequate. Here, the disputed evidence relates to a different issue. Further, it is notable that both the post-hearing report of the ALJ on remand and the decision in the second article 78 proceeding paid considerable attention to the question of absenteeism. It is also noteworthy that, as the article 78 court in the first proceeding noted, the U-rating was based in large part on one formal evaluation during petitioner's short time as a first-grade teacher. While there was certainly evidence supporting the U-rating, it should be noted that petitioner was transferred from the class that she had been teaching since the start of the school year to a new class sometime between January and March. Finally, it is significant that the wrongful admission of evidence in this case occurred after a specific direction from the court that evidence of absenteeism was not authorized, based on the charges.

Accordingly, we remand the matter to respondent for reconsideration of petitioner's performance rating for the 2006-2007 school year based solely on the evidence related to the charges of which petitioner received proper notice. Concur—Acosta, J.P., Saxe, Moskowitz, Richter and Feinman, JJ.