Matter of City of Utica (Local 32, Intl. Assn. of Firefighters, AFL-CIO, C.L.C. Utica Professional Firefighters Assn.) (2020 NY Slip Op 07783)





Matter of City of Utica (Local 32, Intl. Assn. of Firefighters, AFL-CIO, C.L.C. Utica Professional Firefighters Assn.)


2020 NY Slip Op 07783


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1012 CA 20-00724

[*1]IN THE MATTER OF ARBITRATION BETWEEN CITY OF UTICA, PETITIONER-RESPONDENT, AND LOCAL 32, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL-CIO, C.L.C. UTICA PROFESSIONAL FIREFIGHTERS ASSOCIATION, ON BEHALF OF RICHARD J. FORTE, RESPONDENT-APPELLANT. 






GLEASON, DUNN, WALSH & O'SHEA, ALBANY (RONALD G. DUNN OF COUNSEL), FOR RESPONDENT-APPELLANT.
WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (KATHRYN F. HARTNETT OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered October 8, 2019 in a proceeding pursuant to CPLR article 75. The order, insofar as appealed from, denied that part of the motion of Richard J. Forte seeking to vacate an arbitration award. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to CPLR article 75, Richard J. Forte (respondent) appeals from that part of an order that denied his motion to vacate an arbitration award. We affirm.
Respondent contends that the arbitrator improperly found him guilty of committing uncharged conduct, i.e., sexual harassment, and determined that termination was the appropriate penalty for that uncharged conduct. We reject that contention. Respondent was charged in the notice of disciplinary charges with, inter alia, conduct unbecoming a member of the Utica Fire Department "insofar as [he] knowingly and intentionally damage[d] property belonging to a fellow firefighter" by "intentionally, knowingly, and unlawfully, with the intent to damage property, deposit[ing] [his] semen onto the inside crotch area of a pair of pants belonging to" a fellow firefighter. The record establishes that the arbitrator determined that respondent was guilty of that charge, and concluded that termination was the appropriate penalty. Thus, contrary to respondent's contention, the arbitration award is based on a finding that he committed conduct that was alleged in the notice of disciplinary charges (see generally Matter of Murray v Murphy, 24 NY2d 150, 157 [1969]; Matter of Licciardi v City of Rochester, 87 AD3d 1381, 1383 [4th Dept 2011]).
We have considered respondent's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court