■ In the Matter of JOHN C. CORWIN, Petitioner, v VILLAGE OF ELLENVILLE et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to annul a determination of the Mayor and the Board of Trustees of the Village of Ellenville. Following a hearing, petitioner, a police sergeant with the Ellenville Police Department, was found guilty by the Mayor and the Board of Trustees of the Village of Ellenville of six instances of "adulterous conduct" and one instance of "harassment", all in violation of the manual of procedure of Ellenville's Police Department. He was consequently demoted to the rank of patrolman. In this transferred article 78 proceeding which seeks to annul that determination, petitioner first contends that the failure of the Mayor and the board of trustees to have a transcript of the hearing prior to their determination gives rise to a presumption that the determination was arbitrary and influenced by extralegal considerations. We disagree. The record discloses the hearing was held before the Mayor and the members of the board of trustees and that they rendered their decision after listening to the testimony of all the witnesses. They were thus familiar with the issues and had the opportunity to render an informed decision (cf. *Matter of Taub v Pirnie,* 3 NY2d 188, 195; *Matter of Weekes v O'Connell,* 304 NY 259; *Matter of Hamilton v Diamond,* 42 AD2d 465). We also reject petitioner's argument that the decision itself is devoid of any grounds to support its findings of fact. A review of the decision discloses that separate findings of fact were made for each charge of which petitioner was found guilty, and that they not only amply apprised petitioner of the basis for the decision, but also permit intelligent judicial review. We also note that the finding of "adulterous conduct" was well within the specification of charges. The specification of charges listed six instances of "misconduct" involving a woman, and they were amplified by sworn statements executed by the complainant, a bill of particulars and the testimony taken at the hearing. The finding of adulterous conduct specified the particular misconduct of which petitioner was found guilty and was well within the purview of the misconduct charges (see *Matter of Ahsaf v Nyquist,* 37 NY2d 182, 186). Finally, we conclude that the determination that petitioner was guilty of misconduct due to his adulterous conduct is supported by substantial evidence and should not be disturbed *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.