THIRD DEPARTMENT, JUNE, 1979

(June 7, 1979)

■ In the Matter of ALBERT WILSON, Petitioner, v JOSEPH E. SARTORI, as City Manager of Elmira, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Chemung County) to annul a determination by respondent Sartori which suspended petitioner without pay for two months, placed a letter of reprimand in his personnel file and fined him $100. Pursuant to section 75 of the Civil Service Law, petitioner, a patrolman with the Elmira Police Department, was charged by its police chief with misconduct consisting of (1) improperly completing an offense report, (2) refusing to comply with an order of the police chief to disclose the name of the complainant in the offense report, and (3) refusing to report to the deputy police chief as directed. Petitioner was found guilty of all three charges, and was suspended without pay for two months, fined $100 and served with a letter of reprimand which was placed in his personnel file. On July 1, 1976 petitioner filed an "offense report" of his investigation into the possible improper use of city equipment, personnel and materials on certain private property. The report stated, in part, that a "person" had stopped petitioner and informed him that city equipment and personnel were being used to repair a private driveway. The report described the complainant as the "City of Elmira" and in the space marked "reported by", petitioner put "Refused". Respondent Sartori, the City Manager of Elmira, New York, found that petitioner falsely represented that a "person" had stopped him, since it was petitioner who was the complainant, and that petitioner intentionally failed to state his name as complainant. In this proceeding, petitioner contends, first, that the determination that petitioner was the complainant was based upon surmise and conjecture and, therefore, unsupported by substantial evidence in the record. We disagree. In *300 Gramatan Ave. Assoc. v State Div. of Human Rights* (45 NY2d 176, 179), the Court of Appeals explained that a determination is supported by substantial evidence "when the proof is 'so substantial that from it an inference of the existence of the fact may be drawn reasonably' ". On the day after petitioner filed the report, the city manager requested the police chief to determine whether

petitioner was using his position as a police officer "to pursue a personal dispute with the City". On July 6, 1976, the police chief asked petitioner in the presence of Deputy Police Chief Lido to disclose the name of the original complainant. According to the police chief's testimony, petitioner replied that "the person was a city employee; that he did not care to cause this person any harm and did not want to disclose the person's name." Petitioner then refused a direct order to name the complainant. Petitioner himself testified that "I told [the police chief] that the person refused to become involved, and that the person was a City employee", and that he "wasn't going to identify the person". At a second meeting held on July 26, 1976, however, the police chief testified that petitioner refused to disclose the complainant's name because "He said he didn't know who the person was". On cross-examination, petitioner testified as follows: "Q. Well, in your reports [sic] number 9101, who was the complainant that you put down? A. City of Elmira. Q. Now, did the City of Elmira become a complainant? A. (No response). Q. You were the complainant, weren't you? A. Sir? Q. You were the complainant? A. I am a member of the City of Elmira Police Department. Q. You were the complainant in the report, weren't you? A. I am an officer who the report was reported to, and the incident reported to me. And I am the investigating officer. It says that on there." The hearing officer, whose findings of fact were adopted by respondent Sartori, found that "If there actually was a complainant, but [petitioner] did not actually get his name or know his name, it is incredible to believe that [petitioner] would not have so stated in his first interview with Chief Donnells, and have made it clear that he did not know the name of the man at all. And between July 6 and July 26, [petitioner] changed his position from knowing who the man was but 'not wanting to get him involved' * * * to later claiming that he did not know who the man was and could not identify him". Under *Gramatan (supra)*, therefore, respondent's determination that petitioner was the complainant, which predicated the finding that he improperly completed the offense report, was based upon an inference which could have been "reasonably" drawn from the record and so is supported by substantial evidence. Petitioner's second contention, that the charge that he refused an "order" to attend a meeting with Deputy Police Chief Lido was unsubstantiated, is also without merit. Petitioner testified that no order had been given him; he merely could have elected whether or not to come in. On the other hand, Deputy Police Chief Lido testified that when petitioner phoned him, he told petitioner that he wanted to see him in his office and that when petitioner learned that it concerned the offense report, he replied that he did not care to attend. Although stating that he has never used the word "order" in his dealings with fellow officers, Lido characterized his request as an "order". This testimony merely raised a credibility question and, therefore, respondent Sartori's conclusion that petitioner failed to obey a proper order of Lido to report to his office to discuss the offense report should not be disturbed (see *Matter of Corwin v Village of Ellenville,* 69 AD2d 933). Next, we cannot say that the punishment imposed was so disproportionate to the offense as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Finally, we have examined the other contentions raised by petitioner and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.