■ In the Matter of BENEDICT J. CLOSE, JR., Petitioner, v SUSAN J. HAMMOND, as Mayor of the City of Gloversville, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Fulton County) to review a determination of respondent which suspended petitioner's employment as a police officer for the City of Gloversville for two months.

In May 1988, petitioner, a police officer employed by the City of Gloversville, Fulton County, made a phone call to the local fire department falsely reporting a gas leak in an apartment building. Petitioner made the call, using the name of one of the building residents, in an attempt to execute an arrest warrant for a suspect who he believed was hiding in the building. After the fire department responded and found no leak, petitioner became concerned that his phone call might be traced and proceeded to the phone company to obtain a printout indicating where the phone call had originated. At that time, petitioner told phone company employees to advise anyone inquiring about the call that it could not be traced.

Subsequently, petitioner was charged with two counts of misconduct; namely, falsely reporting an incident in the third degree and violation of a police department rule requiring that evidence be marked for identification and secured against tampering. Petitioner admitted to the first charge, to the extent that it specified that he had falsely reported an incident, in full satisfaction of the charges against him.

Following a hearing held for the purpose of determining petitioner's penalty, the Hearing Officer made various findings of fact and recommended that petitioner be suspended without pay for a period of one week. Thereafter, respondent adopted the Hearing Officer's findings of fact and imposed a penalty of suspension without pay for two months. This CPLR article 78 proceeding followed and was transferred to this court.

Petitioner initially seeks to annul respondent's determination with regard to his penalty upon the ground that she failed to set forth her reasons for imposing a harsher penalty than that recommended by the Hearing Officer. We find this argument to be unpersuasive. Although petitioner correctly asserts that new findings of fact must be made by an administrative official who rejects the findings of a Hearing Officer in order to ensure adequate judicial review *(see, Matter of Simpson v Wolansky,* 38 NY2d 391, 396; *Matter of Becton v New York City Tr. Auth.,* 130 AD2d 745), we find that such a requirement is inapplicable where, as here, the reviewing body adopts the findings of the Hearing Officer and, in a valid exercise of its discretion, deviates from the Hearing Officer's recommendation as to discipline alone *(see, Matter of Murphy v New York City Tr. Auth.,* 139 AD2d 651, 652). In our view, the Hearing Officer's findings, adopted by respondent, provide ample support for the penalty imposed and, thus, respondent's failure to state her reasons for deviating from the Hearing Officer's recommendation as to discipline does not provide a basis for annulling respondent's determination.

Petitioner's remaining contention concerns the reasonableness of the penalty imposed by respondent. Petitioner claims that the penalty of two months' suspension without pay is excessive in view of his unblemished record reflecting 12½ years of service and his motivation for making the false report. We disagree. While recognizing that petitioner's suspension period is the maximum permitted by Civil Service Law § 75 (3), we cannot say that, given the nature of the offense and the surrounding circumstances, it is so disproportionate or inequitable as to be " 'shocking to one's sense of fairness' " *(Kostika v Cuomo,* 41 NY2d 673, 676; *see, Matter of Ansbro v McGuire,* 49 NY2d 872, 874). Accordingly, the penalty imposed by respondent should not be disturbed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ.,