■ In the Matter of JAMES W. MILLER, Petitioner, v STATE OF NEW YORK DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [692 NYS2d 785] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Taxation and Finance which imposed a penalty of demotion to a lesser grade for petitioner's misconduct.

Respondent Department of Taxation and Finance employed petitioner in the supervisory position of Assistant Director of the Personal Tax Processing Bureau. After a hearing pursuant to Civil Service Law § 75, petitioner was found guilty of misconduct as the result of his failure to timely file State personal income tax returns for the tax years 1993 and 1994 and a Federal personal income tax return for tax year 1994. Respondent Commissioner of Taxation and Finance adopted the Hearing Officer's findings but rejected a recommended punishment of suspension and instead demoted petitioner to a position two grades lower. Thereafter, petitioner commenced this CPLR article 78 proceeding seeking, *inter alia*, to annul the penalty imposed.

Initially, petitioner maintains that the punishment should be set aside because the Commissioner, without making findings, imposed a harsher penalty than that recommended by the Hearing Officer. The contention is misplaced, for the requirement that an administrative official provide findings of fact when rejecting a Hearing Officer's findings (*see, Matter of Simpson v Wolansky*, 38 NY2d 391, 396; *Matter of Becton v New York City Tr. Auth.*, 130 AD2d 745) is inapplicable where,

as here, the reviewing body adopted the Hearing Officer's findings and, in a valid exercise of discretion, merely deviated from the Hearing Officer's recommendation as to discipline (*see, Matter of Close v Hammond*, 166 AD2d 845, 846). Inasmuch as the Hearing Officer's findings amply support the penalty imposed, any failure to state the reasons for the harsher punishment does not render the Commissioner's determination a nullity.

Nor are we persuaded by petitioner's challenges to the penalty itself. In reviewing the propriety of a penalty the relevant inquiry is not, as petitioner urges, whether his punishment was supported by substantial evidence, but rather whether, in light of the facts and circumstances, the penalty was proportionate to the offense (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233; *Matter of Wade v Town of Ticonderoga Town Bd.*, 256 AD2d 860, 861-862, *lv denied* 93 NY2d 804). Petitioner, a high-level Tax Department supervisor, willfully failed to file his income tax returns in a timely manner. His demotion was not inappropriate given that his offense would constitute a crime if proven in a court of law (*see*, Tax Law § 651 [a] [1]; § 1801 [a]), and that to permit petitioner to remain in his position after engaging in such conduct could only serve to undermine the confidence that the public must have in its officials (*see generally, Matter of Alfieri v Murphy*, 38 NY2d 976, 977; *Matter of Miller v McMahon*, 240 AD2d 806, 808).

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.