*784 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the case remitted to that Court for further proceedings in accordance with this memorandum.
Petitioner-respondent Wilson was dismissed from his job as a firefighter for the City of White Plains after a test revealed large quantities of benzoylecgonine (a metabolite of cocaine) in his urine. The Appellate Division annulled the dismissal, concluding that in directing Wilson to submit to blood and urine tests, the fire department officials “relied upon an unsubstantiated and anonymous letter” and that there “was no objective evidence which would have suggested that the [firefighter] was abusing alcohol or drugs.” (259 AD2d 756.)
Reversal is warranted because the Court erred in concluding that there was no objective evidence as to Wilson’s substance abuse and overlooked the following findings of the Hearing Officer: In 1986, four years after joining the City of White Plains Fire Department, Wilson voluntarily sought treatment at a substance abuse facility. When he returned to work, the Fire Commissioner informed him that he would be monitored for signs of recurring substance abuse and tested if he showed such signs. Wilson acknowledged his understanding that any repetition of his substance abuse would result in disciplinary charges. In August 1996, the Fire Commissioner received an anonymous letter, referred to by the Appellate Division below, stating that Wilson had been reporting to work under the influence of alcohol. After reviewing the letter with other fire department officials, the Fire Commissioner decided to investigate the situation further. As a part of the investigation, fire department officials reviewed Wilson’s personnel file, which revealed a history of chronic absenteeism. They also learned that Wilson had a reputation for reporting to work under the influence of alcohol or drugs and that other members of the fire department had given him the nickname “Scotch Wilson.” Moreover, just hours before the tests were administered, a deputy commissioner personally evaluated Wilson and found that his eyes were watery and that he was having difficulty focusing. A deputy chief then ordered Wilson to submit to the urine and blood tests, with the resulting consequences.
The parties agree that a public agency may lawfully order an employee to submit to a drug test on reasonable suspicion of drug use. The Hearing Officer found that this standard was satisfied here. In CPLR article 78 proceedings to review *785 determinations of administrative tribunals, the standard of review for the Appellate Divisions and this Court is whether there was substantial evidence to support the Hearing Officer’s decision (see, Matter of Perez v Ward, 69 NY2d 840, 842; Matter of Pell v Board of Educ., 34 NY2d 222, 231). We conclude that there was, and that based on all of the foregoing evidence the Appellate Division erred in concluding otherwise. Contrary to Wilson’s contention, the finding of reasonable suspicion was supported by far more than just the anonymous letter. In addition to the letter, the City presented evidence of Wilson’s physical manifestations of substance abuse the day he was tested, a long record of excessive absences, prior substance abuse problems, a reputation for showing up at work under the influence, as well as his understanding that he could be tested if he showed any signs of recurring substance abuse. In light of our determination, we need not reach the City’s remaining contentions.
As the Appellate Division expressly did not entertain certain of Wilson’s contentions when the case was before that Court, we remit to the Appellate Division for consideration of those issues.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur in memorandum; Judge Bellacosa taking no part.
Order reversed, etc.