■ In the Matter of LORA R. BROWN, Petitioner, v SARANAC LAKE CENTRAL SCHOOL DISTRICT et al., Respondents. [709 NYS2d 706] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondents which found petitioner guilty of misconduct and terminated her employment as a school bus driver.

In September 1998, petitioner, a bus driver for respondent Saranac Lake Central School District, was served with a notice containing six charges of misconduct and incompetence, all but one of which contained multiple specifications. After a hearing held at petitioner's request, a Hearing Officer found that petitioner was guilty of a majority of the specifications and recommended that petitioner's employment be terminated. Respondent Board of Education of the Saranac Lake Central School District (hereinafter the Board) adopted the Hearing Officer's findings and recommendation and terminated petitioner's employment. Petitioner thereafter commenced this CPLR article 78 proceeding to review the Board's determination and Supreme Court transferred the proceeding to this Court.

The first three specifications of charge 1 are based on allegations that, while her school bus was moving, petitioner "prompted" the removal of a broom from its secure location on the bus and "engaged" one or more students to sweep the bus. The Hearing Officer found that there was no evidence that petitioner "prompted" or "engaged" any students to use the broom while the bus was moving. Nevertheless, the Hearing Officer found petitioner guilty of these specifications based on evidence that petitioner "permitted" students to sweep the bus while the bus was moving. We agree with petitioner that the Hearing Officer erred in finding petitioner guilty of the three specifications based upon conduct outside the scope of the specifications (*see, Matter of Collins v Parishville-Hopkinton Cent. School Dist.*, 256 AD2d 700, 701; *Benson v Board of Educ.*, 183 AD2d 996, 997, *lv denied* 80 NY2d 756, *upon remand* 209 AD2d 693, *lv denied* 85 NY2d 809, *appeal dismissed* 85 NY2d 847). Even in an administrative proceeding, "no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged" (*Matter of Murray v Murphy*, 24 NY2d 150, 157).

With regard to the remaining charges and specifications, the record contains substantial evidence—including petitioner's admissions, the testimony of students and petitioner's supervisor, and documentary evidence—to support the findings of petitioner's guilt. The weight to be accorded the evidence and the credibility of the witnesses were matters for the Hearing Officer and the Board to resolve and this Court will not substitute its own judgment on those matters (*see, Matter of Malloch v Ballston Spa Cent. School Dist.*, 249 AD2d 797, 798-799, *lv denied* 92 NY2d 810). Accordingly, with the exception of the first three specifications of charge 1, there is no basis to disturb the findings of petitioner's misconduct and incompetence.

Where findings of misconduct must be annulled as outside the scope of the charges, but the record contains evidence to support the charges actually made, the matter will be remitted for new findings and reconsideration of the penalty (*see, Matter of Benson v Board of Educ. of Washingtonville Cent. School Dist.*, *supra*, at 997). Here, however, the record contains no evidence to support the actual charges made in the first three specifications of charge 1 and, while the record contains substantial evidence to support the remaining findings of misconduct and incompetence, the penalty imposed against petitioner was not assessed separately as to each charge. In these circumstances, the appropriate remedy is to annul the findings of petitioner's guilt on the first three specifications of charge 1 and remit the matter solely for reconsideration of the penalty (*see, Matter of Herzog v Bane*, 195 AD2d 787, 790). Accordingly, we need not consider petitioner's claim that the penalty imposed against her was excessive.

Crew III, J. P., Peters and Mugglin, JJ., concur. Adjudged that the determination is modified, on the law, without costs, by annulling so much thereof as found petitioner guilty of specifications A, B and C of charge 1 and imposed a penalty; matter remitted to respondents for redetermination of the penalty to be imposed; and, as so modified, confirmed.