■ In the Matter of JAMES VARGO, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [737 NYS2d 369] —Determination of respondent Police Commissioner, dated February 15, 2000, dismissing petitioner from his position as a police officer, unanimously modified, on the law, to the extent of finding that petitioner was suspended without pay for more than 30 days and therefore may be entitled to back pay under Civil Service Law § 75 (3-a), the matter remanded to respondents for a determination regarding such back pay, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William McCooe, J.], entered September 25, 2000), otherwise disposed of by confirming the remainder of the determination, without costs.

The findings that petitioner was the driver of a hit-and-run car while off duty and that he used illegal drugs are supported by substantial evidence (see, *Matter of Wilson v City of White Plains*, 95 NY2d 783, 784-785). No basis exists to disturb respondents' credibility determinations (see, *Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). The penalty of dismissal does not shock our sense of fairness (see, *Matter of Kelly v Safir*, 96 NY2d 32, 38, 39-40). Respondents concede that the matter should be remanded for a determination of any back pay to which petitioner may be entitled under Civil Service Law § 75 (3-a). Concur—Nardelli, J.P., Tom, Andrias, Rubin and Buckley, JJ.