In the Matter of JAMES AUXIER, Petitioner, v TOWN OF LAURENS, Respondent. [804 NYS2d 134]—

Mercure, J.P. Proceeding pursuant to CPLR article 78

(transferred to this Court by order of the Supreme Court, entered in Otsego County) to review two determinations of respondent which found petitioner guilty of misconduct and terminated his employment.

Respondent issued disciplinary charges against petitioner, a former employee of its Highway Department, after he repeatedly failed to provide the Highway Superintendent with notice of his absences. Following a disciplinary hearing, a Hearing Officer determined that petitioner was guilty of insubordination, and respondent passed resolutions adopting the Hearing Officer's decision and terminating petitioner's employment (see Civil Service Law § 75 [3]). Petitioner then commenced this special proceeding challenging the resolutions and seeking reinstatement with full back pay or modification of the penalty of termination. We now confirm.

Initially, we reject petitioner's argument that he was terminated for conduct outside the scope of the charges. It is well settled that "[e]ven in an administrative proceeding, 'no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged' " (Matter of Brown v Saranac Lake Cent. School Dist., 273 AD2d 785, 785 [2000], quoting Matter of Murray v Murphy, 24 NY2d 150, 157 [1969]). The charged misconduct, however, " 'need only be reasonably specific, in light of all the relevant circumstances,' so as to apprise the party who is the subject of the hearing and to allow such party to prepare an adequate defense" (Matter of Mangini v Christopher, 290 AD2d 740, 743 [2002], quoting Matter of Block v Ambach, 73 NY2d 323, 333 [1989]; see Matter of Rounds v Town of Vestal, 15 AD3d 819, 822 [2005]).

Here, the notice of charges included the caption "MISCONDUCT/INSUBORDINATION," informed petitioner of the days that he was absent without advance notice and set forth a comment of his that was considered insubordinate. Petitioner thoroughly addressed the issue of insubordination at the hearing, testifying that he was unaware that his conduct was insubordinate because he never refused any directives of the Highway Superintendent, that he was told that the only penalty for failing to give advance notice was a loss of pay and that he believed his termination was retaliation for his stated intent to join a union. In addition, petitioner cross-examined the Highway Superintendent regarding the failure to warn petitioner that he would be fired if he did not give advance notice of absence and the summation of petitioner's counsel was directed solely at the issue of insubordination. In our view, it cannot be said that petitioner was unfairly surprised that the is-

sue of insubordination was addressed at the hearing or that he was hindered in preparing an adequate defense on that issue (*see Matter of Mangini v Christopher, supra* at 743-744; *cf. Matter of Brown v Saranac Lake Cent. School Dist., supra* at 785).

Turning to the merits, the Highway Superintendent's testimony regarding petitioner's absences, as well as petitioner's acknowledgment that he knew that it was "wrong" to "just blow off a day from work," provided substantial evidence to support respondent's determination adopting the Hearing Officer's findings. Petitioner's testimony that he was unaware that his conduct was insubordinate presented a credibility issue for the Hearing Officer's resolution and does not " 'merit judicial interference' " (*Matter of Cooper v New York State Teachers' Retirement Sys.*, 19 AD3d 724, 726 [2005], quoting *Matter of Moraghan v New York State Teachers' Retirement Sys.*, 237 AD2d 703, 705 [1997]).

Finally, given the Hearing Officer's conclusions that petitioner "repeatedly disregard[ed] the instructions of his supervisor" and that "this pattern of insubordinate behavior would have continued to the detriment of the Department" because petitioner refused to admit that he had done anything wrong, it cannot be said that the "penalty is 'so disproportionate to the offense, in . . . light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Correll v Bucci*, 19 AD3d 919, 921 [2005], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974] [internal quotation marks and citations omitted]; *see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]). Petitioner's remaining arguments are lacking in merit.

Crew III, Peters, Carpinello and Kane, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.