██ In the Matter of ROBERT J. RAUSCHMEIER, Petitioner, v VILLAGE OF JOHNSON CITY et al., Respondents. [937 NYS2d 373]—

Kavanagh, J. █

Petitioner commenced this CPLR article 78 proceeding seeking, among other things, an annulment of the penalty imposed by Hannon and the Board. Hannon moved to dismiss the petition and Supreme Court granted that part of the motion that sought dismissal of petitioner's claim that Hannon lacked the legal authority to review and reject the Hearing Officer's recommendation. The court transferred to this Court the issue as to whether Hannon's decision rejecting the Hearing Officer's recommendation was supported by substantial evidence (see CPLR 7804 [g]).

Initially, petitioner claims that Hannon was not authorized to review the Hearing Officer's determination and acted outside of his legal authority by rejecting it. However, Civil Service Law § 75 (2) provides that an employee disciplinary proceeding shall be conducted "by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose." Where such a designation is made, that person shall make a recommendation which will then "be referred to such officer or body *for review and decision*" (Civil Service Law § 75 [2] [emphasis added]; *accord Matter of Gomez v Stout*, 13 NY3d 182, 186 [2009]). Petitioner claims that departmental rules do not authorize a review of the disciplinary determination made by an independent hearing officer after a hearing and require that the Hearing Officer's recommendation be adopted by the Village. We do not agree. The department rules, in effect when petitioner was charged with misconduct, expressly provide that the governing body—the Board—was entitled to review departmental disciplinary actions.[2] Furthermore, when Hannon conducted his review, he was Mayor of the Village and, as such, a member of the Board. In addition, as previously noted, the Board ultimately endorsed his decision terminating petitioner.[3] Therefore, Supreme Court properly dismissed this part of the petition.

As for Hannon's decision rejecting the Hearing Officer's recommendation, our review of such a determination is limited to whether it is supported by substantial evidence (*see Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 498 [2011]; *Matter of Wilson v City of White Plains*, 95 NY2d 783, 784-785 [2000]; *Matter of Lory v County of Washington*, 77 AD3d 1265, 1266 [2010]; *Matter of Longton v Village of Corinth*, 57 AD3d 1273, 1274 [2008], *lv denied* 13 NY3d 709 [2009]). In that regard, a reviewing authority, when it rejects a disciplinary recommendation made by a hearing officer after a hearing, must set forth in its decision findings of fact based on competent proof contained in the record and then employ those findings to arrive at conclusions that are supported by substantial evidence (*see Matter of Simpson v Wolansky*, 38 NY2d 391, 396 [1975]; *Matter of Miller v State of New York Dept. of Taxation & Fin.*, 263 AD2d 604, 604-605 [1999]; *Matter of Close v Hammond*, 166

---

2. Rule 16.4.1 provides that "[f]inal disciplinary authority and responsibility rests with the Chief of [the] Fire [Department] and the Governing Body."

3. When this hearing was held and Hannon conducted his review, the position of Fire Chief was vacant. However, it is undisputed that the Fire Chief was subordinate to Hannon and the Board and required to report to it.

AD2d 845, 846 [1990]). Substantial evidence has been defined as "relevant proof [that] a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d at 499), and is satisfied with " 'less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt' " (*id.*, quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). Also, substantial evidence may be based on inferences drawn from competent proof produced at a hearing that are " 'reasonable and plausible, not necessarily the most probable' " (*Matter of Miller v DeBuono*, 90 NY2d 783, 793 [1997], quoting Borchers and Markell, New York State Administrative Procedure and Practice § 3.12, at 51 [1995]). Here, for reasons that follow, we are of the view that while Hannon made certain factual findings, they were not borne out by the record, and his conclusion that petitioner intended to be seen by others when he engaged in this lewd conduct was not supported by substantial evidence.

Initially, we note that all of the parties to this proceeding agree that petitioner could only be found guilty of misconduct if he engaged in lewd conduct under circumstances establishing that he intended to be seen by members of the public (*see* Penal Law § 245.00). Petitioner was the only witness to the event to testify at the hearing, and he denied that he ever intended his conduct to be witnessed by others. He testified that when he was observed by his neighbors, he was alone in his second floor apartment watching a pornographic program standing in front of a television located some two feet from the bedroom window. Petitioner testified without contradiction that once he realized that he had been seen by others, he immediately ceased this activity and, shortly thereafter, sought to apologize to his neighbors for his conduct. Petitioner also noted that he cooperated fully in the investigation conducted by the police and provided them with a complete statement regarding what had transpired, as well as access to his apartment.

The only evidence introduced at the hearing that took issue with petitioner's contention that he did not intend to be seen was an opinion offered by the arresting officer that was based entirely on statements made by third parties, none of whom testified at the hearing. More importantly, no evidence was introduced that any of the eyewitnesses, when they described petitioner's conduct, stated that they believed he wanted to be seen when he was observed standing near his bedroom window. Also, no evidence was produced at the hearing that petitioner did anything when in the vicinity of his bedroom window that

sought to draw attention to himself or insure that others witnessed his lewd conduct.

Hannon, in rejecting the Hearing Officer's recommendation, referred to testimony of certain witnesses given at the hearing, but did not specify what in their testimony supports his conclusion that petitioner, when he engaged in this lewd conduct, intended to be seen by others. Instead, Hannon based his conclusion primarily on the fact that petitioner, when observed by his neighbors, was standing in the vicinity of an open window in his second floor apartment. In our view, this fact alone in this particular circumstance does not provide substantial evidence to support the conclusion that petitioner intended that his conduct be subject to public view. More is required, especially since the other evidence introduced at the hearing—all of which is uncontradicted and not in dispute—supports the Hearing Officer's determination that petitioner did not intend to be seen by his neighbors when he engaged in this conduct. As such, Hannon's conclusion to the contrary was not supported by substantial evidence, and his determination must be annulled. Given this finding, petitioner must be reinstated to his position with full back pay and benefits from the time of his suspension.

Mercure, A.P.J., Rose, Lahtinen and McCarthy, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and petitioner is reinstated to his position with full back pay.