■ In the Matter of MARTIN MEANEY, Petitioner, v VILLAGE OF JOHNSON CITY et al., Respondents. [945 NYS2d 485]—

Peters, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in

---

Broome County) to review a determination of respondent Mayor of the Village of Johnson City demoting petitioner from the grade of captain to firefighter first class.

At all relevant times, petitioner served as a captain in the Village of Johnson City Fire Department and was president of its firefighters' union. Over several months in 2010, fire chief Stephen Hrustich learned of several incidents where airpacks used by his officers had been tampered with. During the same period, petitioner reported to Hrustich that someone had rifled through his personal gear. Petitioner asserted that his airpack was not among the disturbed items and that he never told Hrustich otherwise; Hrustich, however, reported that petitioner's airpack had also been tampered with.

Hrustich subsequently complained of the airpack tampering to the Village of Johnson City Police Department and, in the course of the ensuing investigation, petitioner denied that his airpack had been tampered with in a brief conversation with a police detective. Petitioner faced disciplinary action pursuant to Civil Service Law § 75 as a result of that interaction and, following a hearing, the Hearing Officer found him guilty of multiple counts of misconduct and incompetence. Upon review, respondent Dennis Hannon, the Mayor of the Village of Johnson City, consulted with the Village Board of Trustees, adopted the Hearing Officer's findings in their entirety and demoted petitioner. Thereafter, petitioner commenced this CPLR article 78 proceeding, which was transferred to this Court pursuant to CPLR 7804 (g).

While we have examined and are unpersuaded by the bulk of petitioner's claims, we agree with him that substantial evidence does not support the determination of guilt (*see Matter of Rauschmeier v Village of Johnson City*, 91 AD3d 1080, 1082 [2012], *lv denied* 19 NY3d 802 [2012]). Hannon's determination stems solely from petitioner's interaction with the police detective, and is based upon petitioner's failure to disclose information regarding other officers' complaints about the airpack tampering, as well as his ostensibly false claim that his airpack had not been tampered with.[1] With regard to the former, the detective's sole objective in speaking to petitioner was to learn about the tampering with his airpack. Petitioner denied that any such tampering had occurred, after which the detective immediately ended the conversation and told him that "we don't

---

1. Petitioner was not charged with making inaccurate statements to Hrustich and, thus, cannot be disciplined for allegedly making such statements (*see Matter of Auxier v Town of Laurens*, 23 AD3d 912, 913 [2005]; *Matter of Brown v Saranac Lake Cent. School Dist.*, 273 AD2d 785, 785 [2000]).

need to . . . discuss it any further." The charges are accordingly based upon petitioner's failure to disclose information that was neither solicited nor relevant to the conversation, and under no reasonable view of the evidence can it be said that his silence was willful or indicative of "some dereliction or neglect of duty" on his part (*Matter of Weatherlow v Board of Educ. of Jamestown City School Dist.*, 236 AD2d 855, 856 [1997]; *see Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 499 [2011]).

Likewise, the Hearing Officer's finding that petitioner had discussed airpack tampering with Hrustich does not constitute "such relevant proof as a reasonable mind may accept as adequate to support" the conclusion that he misled the police detective (*Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d at 499; *see Matter of Rauschmeier v Village of Johnson City*, 91 AD3d at 1082). Petitioner complained that someone had meddled with his personal equipment but, notably, Hrustich only stated that he reported "an issue" with regard to the airpack tampering. Indeed, the airpack in question was stored in a vehicle used by other officers, several of whom detected the tampering and complained about it. Petitioner steadfastly denied having found any tampering himself, however, and the record establishes that he would not have had the opportunity to do so insofar as he did not personally inspect the vehicle equipment.[2] In short, while it could be argued that petitioner misled Hrustich into believing that he had personally discovered evidence of airpack tampering, the record is devoid of evidence that he lied to the police detective about a discovery he did not actually make. Thus, the Hearing Officer's conclusion to the contrary must be annulled.

Mercure, Rose, Lahtinen and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and petitioner is reinstated to the grade of captain with full back pay.

---

2. The individuals who actually checked the equipment in the vehicles testified, and both their testimony and contemporaneous documentary evidence demonstrated that all airpacks were in good working order on the day petitioner's personal equipment was disturbed.