*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 15, 2016                    522536
_____

In the Matter of STEVEN M.
    YOUNG,
                    Petitioner,

        v
                                         MEMORANDUM AND JUDGMENT
VILLAGE OF GOUVERNEUR, by
    RONALD McDOUGALL, as Mayor
    of the Village of
    Gouverneur,
                    Respondent.
_____

Calendar Date:  October 19, 2016

Before:  Peters, P.J., Garry, Egan Jr., Rose and Mulvey, JJ.

                    _____


        Campany, McArdle & Randle, PLLC, Lowville (Kevin McArdle of
counsel), for petitioner.

        Case & Leader, LLP, Gouverneur (Henry J. Leader of
counsel), for respondent.

                    _____


Mulvey, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in St. Lawrence
County) to review a determination of respondent terminating
petitioner's employment.

        Petitioner served as a police officer in respondent's
police department and was the chief engineer in respondent's fire
department.  In July 2013, after petitioner was observed on a
surveillance video pumping gasoline from respondent's fueling
system into his personal vehicle, the State Police conducted an

investigation.  The investigation revealed that petitioner possessed two keys that accessed respondent's fueling system, an E2 key and an E6 key.  According to respondent's records, the E2 key tracked fuel usage for the police department and the E6 key, among others, tracked fuel usage for the fire department.  In the course of the investigation, petitioner told the State Police investigator that he filled his personal vehicle using the fire department E6 key and then made a sworn written statement describing, among other things, his usage of the keys to access respondent's gasoline.

Petitioner was charged with violating the police department's rules of conduct by wrongfully taking gasoline from the police department's account and by making a false statement under oath.  Following a hearing, the Hearing Officer found that the evidence did not substantiate the charges that petitioner wrongfully took gasoline from respondent.  However, the Hearing Officer found that the preponderance of the evidence supported six of the charges that petitioner made a false statement under oath to the State Police and, thus, termination of his employment was warranted.  Respondent adopted the Hearing Officer's findings in their entirety and terminated petitioner.  Thereafter, petitioner commenced this CPLR article 78 proceeding to annul respondent's determination, and the matter was transferred to this Court.

Petitioner initially argues that the determination was not supported by substantial evidence.  Substantial evidence has been defined "as such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact, and is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011] [internal quotation marks and citation omitted]).  "[S]ubstantial evidence may be based on inferences drawn from competent proof produced at a hearing that are reasonable and plausible, not necessarily the most probable" (Matter of Rauschmeier v Village of Johnson City, 91 AD3d 1080, 1082 [2012] [internal quotation marks and citation omitted], lv denied 19 NY3d 802 [2012]).  Petitioner did not challenge that he was the person in the surveillance footage taking fuel, but testified that he was getting fuel in relation

to his fire department duties, which permitted the refueling of personal vehicles from respondent's fueling system when used for fire department purposes. Petitioner also acknowledged that in his statement he declared that "[e]ach key usage . . . charges the appropriate department and vehicle for the fuel usage and this is tracked."

Petitioner's understanding of respondent's fuel system, testimony that the E2 key was to be used only for police department vehicles, his experience using the E2 key as a police officer, and the unrefuted evidence that the E6 module had not been used since April 2013 constitute substantial evidence that petitioner knew the difference between the E2 key and the E6 key. The foregoing constitutes substantial evidence that, in a sworn written statement, petitioner falsely asserted that he used the E6 key and did not use the E2 key to fill his personal vehicle (see Matter of Rauschmeier v Village of Johnson City, 91 AD3d at 1082-1083; compare Matter of Meaney v Village of Johnson City, 95 AD3d 1640, 1642 n 1 [2012]). The six charges against petitioner, founded upon his false statement to the State Police, should therefore be sustained (see Matter of Rounds v Town of Vestal, 15 AD3d 819, 822 [2005]).

Petitioner next contends that respondent erred by accepting the Hearing Officer's findings without explanation. Given the sufficiency of the Hearing Officer's findings, respondent's acceptance was adequate (see Matter of Ernst v Saratoga County, 251 AD2d 866, 867 [1998]). We also find no merit to petitioner's contention that he was denied due process in that the charges were not sufficiently specific. "The charged misconduct . . . need only be reasonably specific, in light of all the relevant circumstances, so as to apprise the party who is the subject of the hearing and to allow such party to prepare an adequate defense" (Matter of Auxier v Town of Laurens, 23 AD3d 912, 913 [2005] [internal quotation marks and citations omitted]; see Matter of Rounds v Town of Vestal, 15 AD3d at 822). Here, the written charges provided to petitioner alleged that petitioner "wrongfully took gasoline from the account specifically reserved for the [police] for use in [his] personal vehicle" and that he provided a false written statement under oath on September 3, 2013 in the related investigation. The charges also contained

specific references to rules of conduct that petitioner was alleged to have violated (compare Matter of Bigando v Heitzman, 187 AD2d 917, 918-919 [1992]). Petitioner received proper written notice of the charges against him and those charges were sufficiently specific to allow for an adequate defense (see Matter of McKenzie v Board of Educ. of the City Sch. Dist. of Albany, 100 AD3d 1096, 1098 [2012]; Matter of Auxier v Town of Laurens, 23 AD3d at 913).

Finally, petitioner argues that the penalty of termination is excessive. In evaluating whether the penalty is excessive, this Court "'must consider whether, in light of all the relevant circumstances, the penalty is so disproportionate to the charged offense[s] as to shock one's sense of fairness'" (Matter of Bottari v Saratoga Springs City School Dist., 3 AD3d 832, 833 [2004], quoting Matter of Smith v Board of Educ. of Taconic Hills Cent. School Dist., 235 AD2d 912, 914 [1997]; accord Matter of Thornton v Edwards-Knox Cent. Sch. Dist. Bd. of Educ., 105 AD3d 1206, 1206-1207 [2013]). "This calculus involves consideration of whether the impact of the penalty on the individual is so severe that it is disproportionate to the misconduct, or to the harm to the agency or the public in general" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]). We are mindful of "the high standard of character to which police officers are held" and the substantiated charges of providing a false statement under oath should not go unpunished (Matter of Castell v City of Saratoga Springs, 24 AD3d 1059, 1061 [2005]; see Matter of Lyons v Superintendent of State Police, 129 AD3d 1238, 1240 [2015]). As all six charges pertaining to the false statement given to the State Police were sustained by the Hearing Officer, petitioner was subject to the penalty or punishment provided in Civil Service Law § 75 (3), including "a reprimand, a fine not to exceed one hundred dollars . . ., suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal." Here, without further expansion on the Hearing Officer's findings and recommendations, respondent adopted the harshest penalty, dismissal. We have sustained a two-month suspension where a police officer admitted to falsely reporting an incident (see Matter of Close v Hammond, 166 AD2d 845, 846 [1990]) and a two-month suspension, letter of reprimand and $100 fine when a police officer was found guilty of improperly

completing an offense report, refusing to comply with an order and refusing to report to a superior officer (see Matter of Wilson v Sartori, 70 AD2d 959, 960 [1979]).  We have also sustained a 30-day suspension and six months of probation for a State Trooper charged with misconduct for advising a friend to revoke her consent to the search of her residence by other troopers who were conducting a marihuana investigation (see Matter of Mokszycki v McMahon, 6 AD3d 952, 953 [2004]).

Petitioner's personnel record does not indicate any other disciplinary actions or warnings.  He was a police officer for 14 years and served as chief engineer and a member of the fire department for several years.  Given that the charges that he wrongfully took respondent's gasoline for his personal use were not sustained and there was no financial loss to respondent, we believe, based on the totality of the circumstances, that the penalty imposed is so disproportionate to the offense as to shock our sense of fairness.  We therefore remit the matter to respondent for a redetermination of the penalty.  Petitioner's remaining contentions have been examined and found to be lacking in merit.

Peters, P.J., Garry, Egan Jr. and Rose, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as imposed the penalty of termination of employment; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court