Matter of Kabak v New York City Dept. of Fin. (2020 NY Slip Op 00391)





Matter of Kabak v New York City Dept. of Fin.


2020 NY Slip Op 00391


Decided on January 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


10829 100924/18

[*1] In re Gabriel Kabak, Petitioner-Appellant,
v
New York City Department of Finance, Respondent-Respondent.


Gabriel Kabak, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (MacKenzie Fillow of counsel), for respondent.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered October 16, 2018, denying the petition to vacate the determination of respondent New York City Department of Finance's Parking Violations Adjudication Division, dated April 18, 2018, which upheld the finding that petitioner had violated 34 RCNY 4-08(d), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondent's determination that petitioner violated 34 RCNY 4-08(d) was rational (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). While petitioner's conduct may have constituted a violation of both 34 RCNY 4-08(d) and 4-08(m)(6), respondent was not prohibited from only charging petitioner with violating 34 RCNY 4-08(d) (see People v Eboli, 34 NY2d 281, 287 [1974]; People v Lacay, 115 AD2d 450, 452 [1st Dept 1985]).
Although respondent's determination was concise, it included a statement of the evidence relied upon, the specific conduct which constituted the violation, and addressed petitioner's legal argument, thereby giving petitioner notice of the basis for respondent's determination (see Matter of Ferraro v State Univ. of N.Y. at Purchase Coll., 162 AD3d 766, 767 [2d Dept 2018]; see also Matter of Young v Village of Gouverneur, 145 AD3d 1285, 1287 [3d Dept 2016]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 21, 2020
CLERK